## THE BOARD OF COMMISSIONERS OF GRANT COUNTY *v.* THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY.

A county that has illegally collected taxes in another, is liable for the money to the individuals from whom it was collected, but not to the latter county itself; and a statute passed subsequently to the collection, directing the county first above named to pay the money to the other, cannot affect the rights or liabilities of the parties.

A county order, issued under these circumstances by the county which had made the collection in favour of the other county, is without consideration.

ERROR to the *Delaware* Circuit Court.

BLACKFORD, J.—Assumpsit by the board of commissioners of the county of *Grant* against the board of commissioners of the county of *Delaware.* The declaration contains two counts.

According to the first count, the defendants made an order that their clerk should issue a county order in favour of the plaintiffs, for a certain amount due to them for taxes, which the collector of *Delaware* county had collected in the county of *Grant,*—the order to be paid out of any money in the treasury not otherwise appropriated. The clerk, accordingly, drew the order, but the treasurer refused to pay the amount for want of funds. The consideration of the order to the clerk, made by the defendants, was, that the collector of their county had collected certain county taxes within the bounds of *Grant* county, and that the legislature had passed an act re-

quiring these taxes to be paid by the county of *Delaware* to Grant county. This count was demurred to and the demurrer sustained.

The second count is a general one for money had and received, to which the defendants pleaded the general issue. The trial of this issue was submitted to the Court.

The. following are the facts:—By an act of the legislature, approved the 10th of *February*, 1831, it was enacted that from and after the 1st of *April*, in that year, a certain tract of country should form a new county by the name of *Grant*. The board of commissioners of *Delaware* county, at the *January* term, 1831, appointed an assessor of taxes for the county of *Delaware*, and the assessor, by virtue of this appointment, assessed the property of the citizens within the territory which was to form the new county of *Grant*, but which was then attached to the county of *Delaware*. The board of commissioners of *Delaware* county, at the *May* term, 1831, appointed a collector of taxes, and he collected the state and county revenue which had been assessed within the bounds of *Grant* county, and paid the amount into the treasury of *Delaware* county. The legislature, by an act in *January*, 1832, directed that the board of commissioners of *Delaware* county should pay to the board of commissioners of *Grant* county, the county revenue of 1831, which the collector of *Delaware* had collected in the county of *Grant*. The board of commissioners of *Delaware* county, in consideration of the circumstances which we have enumerated, authorised their clerk to issue a county order in favour of the board of commissioners of *Grant* county, for the amount of the county revenue which had been collected in the county of *Grant*, to be paid out of any money in the treasury not otherwise appropriated. This order was accordingly issued, and was presented for payment to the treasurer of *Delaware* county, on whom it was drawn, but payment was refused for want of funds.

The Circuit Court, upon this evidence, gave judgment for the defendants.

There appears to be very little difficulty in this cause. The correctness of the judgment on the demurrer to the first count of the declaration, and on the evidence given under the second count, depends on the same question. That question is, did the money which, under the assessment authorised by the

33

Nov. Term,
1836.

board of commissioners of *Delaware* county, was collected by their collector from the people of *Grant* county, belong to the county of *Grant?* It is clear that *Grant* county had no claim whatever to this money. It was not assessed or collected for the benefit of that county nor under its authority. If the money was illegally collected, it is the individuals from whom it was collected that are injured, and not the county of *Grant*. The contract therefore of the defendants, evidenced by the county order, to pay the plaintiffs the revenue in question, is without consideration and cannot be enforced.

The act of the legislature of 1832, passed subsequently to the collection of the revenue claimed by *Grant* county, cannot affect the rights or liabilities which that collection created.

The question, whether the defendants had a right to inquire into the consideration of the county order, does not belong to the cause. The plaintiffs, in the first count of the declaration, set out the consideration of the order, and the evidence respecting the consideration of it was not objected to on the trial.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiffs.
*C. B. Smith*, for the defendants.